**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) SA-15-CR-00185-DAE |
| | ) |
| **ARMANDO HERNANDEZ** | ) |
| | ) |
| Defendants. | ) |

**UNITED STATES MOTION FOR AN HEARING ON THE STATUS**
**OF DEFENDANT'S PLEA PURSUANT TO A PLEA AGREEMENT**

COMES NOW the United States, Plaintiff in the above-styled and numbered cause, and request that the Court set this matter for a Hearing on the Status of the Defendant's Plea Pursuant to a Plea Agreement at the Court's earliest convenience, and in support of its Motion, would respectfully shows the Court the following:

**I.**
**BACKGROUND/PROCEDURAL POSTURE**

1. On or about March 5, 2015, a criminal complaint was brought against the Defendant in this case.

2. On or about March 10, 2015, the Defendant was arrested.

3. On April 1, 2015, the Defendant was indicted by a Grand Jury in San Antonio, Texas in an eight count indictment charging wire fraud and money laundering.

4. On August 26, 2015, the Defendant pled guilty to Count VIII of the indictment (money laundering) pursuant to a written plea agreement.

5. This matter is presently pending sentencing for December 21, 2015.

## II.
## **REASONS FOR REQUESTED HEARING**

1. In the course of the discussions with the Defense regarding the plea, matters were discussed regarding the likely applicable sentencing Guideline range applicable to the Defendant's case. Specifically, counsel for both parties discussed their belief as to the Guideline range applicable to the Defendant.

2. After further review of the Guidelines, the Government is of the opinion that the Guideline range that was discussed is and was erroneous, and that the actual likely Guideline range is significantly higher than that discussed with the Defendant.

3. The plea Agreement contains language that states:

   > "Regarding the imposition of sentence, the Defendant understands that Court decides the punishment that will be imposed. The Court shall determine the sentence to be imposed in accordance with 18 U.S.C. §3553(a), after considering the application of the Sentencing Guidelines. The Guidelines are advisory and not binding, although the Court is required to consider them. **Any prediction or estimate of the probable sentencing range or ultimate sentence that may be imposed, whether from the government, his/her attorney, or the probation Office, is not a promise, is not binding, and is not an inducement for the Defendant's guilty plea or waivers. The defendant will not be permitted to withdraw his guilty plea because the sentence imposed differs from the sentence he/she expected or hoped for.'** (Bold in original)**.**

   See Plea Agreement, p.8.

4. The plea colloquy further emphasized that *any* Guideline estimate from whatever the source is only that and may not be relied upon by the Defendant. See *U.S. v. Sweeney*, 878 F.2d 68 (2nd Cir. 1989). Applicable authority also makes clear that estimates are not binding in the normal course of plea negotiations. The attorney's representations here regarding the sentencing range were at best merely an estimate reflecting what he believed the likely range would be. The law in this circuit is clear that a defendant was not entitled to withdraw a guilty plea simply because his attorney erroneously predicted his sentence. See, e.g., *United States v. Hughes*, 726 F.3d 656, 662 (5th Cir. 2013; and *United States v.*

*Shanklin*, 193 Fed.Appx. 384 (5th Cir. 2006).

5. Normally, the outcome of the Defendant's sentencing would be of no further consequence because of the aforementioned language and admonitions. In the Defendant's plea agreement, however, the following language is also present: "Notwithstanding the above provisions, both the government and the Defendant reserve the rights to: …(4) allocate at sentencing (consistent with promises by the government concerning recommended findings and punishment); …". The nature and effect of these representations are what is at issue.

6. The United States has conferred with counsel for the Defendant, and, the Defendant has indicated an intention to assert the erroneous calculations as binding upon the United States.[1] While the United States does not believe any Defendant, including the one *sub judice*, is entitled to rely upon an individual prosecutor's estimate, to the extent that the Defendant has relied upon the representations of his Counsel and/or the Assistant United States Attorney with whom the discussions were had, the United States has agreed not to oppose a Motion of the Defendant to withdraw the plea.

7. The United States believes that the Defendant intends to take a wait and see approach, and after sentencing, if the sentence is not in accordance with what is believed to be the erroneous estimate, to seek to withdraw the plea at that time. For the reasons stated *infra*, the United States does not believe that the Defendant would be entitled to withdraw his plea after he is sentenced.

8. The plea agreement filed in this case is <u>not</u> pursuant to Rule 11(c)(1)(C); and it was not the intention of the parties to bind the Court with regard to the Defendant's sentence.[2] The

---

[1] The Plea Agreement does not dictate a particular Guideline range, but rather only reserves the right to allocute, in this instance in support of an erroneous calculation.

[2] It is not even clear that the filed plea Agreement includes a non-binding recommendation which is the cornerstone of a of a Rule 11(c)(1)(B) plea agreement. For the purposes of this Motion, however, and considering *arguendo* the Plea Agreement in the light most favorable to the Defendant, it is at best an 11(c)(1)(B) plea agreement.

3

parties cannot bind the Court in a traditional plea such as this pursuant to either Rule 11(c)(1)(A) or (B).  See *United States v. Pizzolato*, 655 F.3d 403, 410 (5th Cir. 2011)(holding that it is not uncommon for the Government to agree to the applicability of a particular Guideline range without binding itself to recommend a particular sentence under Rule 11(c)(1)(B); and United States v. Sotelo, 401 Fed.Appx. 967, 968 (5th Cir.2010) (holding under 11(c)(1)(B) that "[T]he Government did not breach the plea agreement. The Government was obligated to request full credit for acceptance of responsibility and dismissal of the outstanding charges in the indictment, which it did. The agreement did not bind the parties to a particular sentencing range or recommendation.").  Rule 11 provides that a plea agreement may "(B) recommend, or agree not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply (such a recommendation or request does not bind the court)".  Fed.RulesCr.Proc.Rule 11(c)(1)(C).

9.   Accordingly, the United States would oppose any effort to withdraw the plea after sentencing.   The Defendant is not entitled to withdraw a plea after sentencing even under an 11(c)(1)(B) plea agreement if the sentence is longer or worse than anticipated.  *See Hughes* at 662*; United States v. Alvarado–Casas,* 715 F.3d 945, 954 (5th Cir.2013) (declining to vacate for Rule 11 error where the district court imposed a sentence 70 months longer than what it had stated was the maximum possible sentence at the defendant's change-of-plea hearing).

10. Finally, "[P]arties cannot agree to withhold relevant information from the court." *Pizzolato* at 410; *United States v. Guerrero,* 299 Fed.Appx. 331, 335 (5th Cir.2008) (citing *United States v. Avery,* 621 F.2d 214, 216 (5th Cir.1980)). Moreover, the Government may not "stand mute in the face of factual inaccuracies or withhold relevant information from the

4

court." *United States v. Block,* 660 F.2d 1086, 1091–92 (5th Cir. Unit B. Nov.1981). The loss applicable to the Defendant's Guideline calculation is the basis for the disparity in the Guideline calculation and are essential facts for the Court.

11. Consistent with its obligations as set forth above, the United States respectfully requests a hearing to determine how the Court in order for the Defendant to state on the record his position on the motion to withdraw the plea which will impact how the parties will proceed at this time.

## IV.
## CONCLUSION

WHEREFORE, the Government respectfully requests that this matter be set for a Hearing on the Status of the Defendant's Plea Pursuant to Plea Agreement with the Court at the Court's earliest convenience.


Dated this _____ day of _____, 2015.

                                                              Respectfully submitted,

                                                              RICHARD L. DURBIN
                                                              UNITED STATES ATTORNEY

                                                              /S/
BY:                                   _____
                                               Russell D. Leachman
                                             Assistant U. S. Attorney
                                             Texas Bar No. 12069710
                                             601 NW Loop 410, Suite 600
                                             San Antonio, Texas 78216
                                             (210) 384-7016
                                             Fax (210) 384-7100

## **CERTIFICATE OF SERVICE**

   I certify that on November 9, 2015 a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System, which will transmit notification of such filing to Counsel for the Defendant, Alfonso Cabanas.

               _____/s_____
               RUSSELL D. LEACHMAN
               Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) SA-15-CR-00185-DAE |
| | ) |
| **ARMANDO HERNANDEZ** | ) |
| | ) |
| **Defendants.** | ) |

### ORDER

On this date came on to be considered the UNITED STATES MOTION FOR AN HEARING ON THE STATUS OF DEFENDANT'S PLEA PURSUANT TO A PLEA AGREEMENT with the Court in the above entitled and numbered cause, and the Court having considered the same finds that the United States has shown "good cause" for a hearing.   Accordingly, the Court **GRANTS** the Government's motion and enters the following order:

IT IS ORDERED that a hearing will be had on the ____ day of _____, 2015 at ____o'clock __.m. in the courtroom of the Honorable David A. Ezra.

SIGNED AND ENTERED this _____ day of _____, 2015.

_____
HON. DAVID A. EZRA
UNITED STATES DISTRICT JUDGE